UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        )<br>    Plaintiff, )<br>        )<br>v.    )<br>        )<br>WILLIAM RISQUE BEELER, )<br>        )<br>    Defendant. ) | No. 3:13-cr-00026-GFVT-MAS-4 |

**REPORT & RECOMMENDATION**

The Court, on referral from Judge Van Tatenhove, considers reported violations of supervised release conditions by Defendant William Risque Beeler ("Beeler"). Considering the full record, proffer, and Beeler's allocution at the revocation hearing, the Court adopts the parties' proposal and recommends that the District Court revoke Beeler's term of supervised release and sentence him to 12 months and one day of imprisonment, with no further supervision to follow. The Court further recommends that the BOP, in its discretion, permit Beeler to serve the final portion of his custodial sentence in a residential reentry / halfway house environment, if and as appropriate based on his progress and treatment needs at that time.

**I.    BACKGROUND**

In July 2014, Judge Van Tatenhove sentenced Beeler to 60 months' imprisonment, with 5 years of subsequent supervised release, following Beeler's guilty plea to conspiracy to distribute oxycodone. [DE 106 (Judgment)]. Judge Van Tatenhove imposed several statutory, standard, and special conditions governing Beeler's supervised release term, as set forth in the Judgment. [*Id.* at Page ID # 373-74]. The conditions restricted Beeler's use of alcohol and his interactions with controlled substances during the supervised release period, among other things. After receiving a

sentence reduction to 49 months in May 2017 [DE 170], Beeler was released from custody and began serving his initial term of supervised release on October 17, 2017.

Beeler has a lengthy history before the Court on supervised release. First, on October 16, 2019, the United States Probation Office ("USPO") submitted a report advising that there was a discrepancy with Beeler's suboxone prescription after a pill count, a technical violation of his controlled medication prescribing conditions. The USPO recommended that no action be taken in response, and the Court followed that recommendation. [DE 180].

On December 13, 2019, the USPO submitted a formal violation report alleging that Beeler had used alcohol, failed to follow the USPO's instructions, and failed to notify the USPO upon a change in his controlled substance prescription status, all in contravention of his conditions. The undersigned conducted an initial appearance on these alleged violations on January 3, 2020 [DE 184] and a final revocation hearing on January 17, 2020, on referral from Judge Van Tatenhove [DE 188]. Defendant there stipulated to the alleged violations. The Court subsequently recommended that Judge Van Tatenhove find Beeler guilty of the same, revoke his release term, and sentence him to time served as well as additional halfway house confinement and further supervision. [DE 189]. On February 24, 2020, following Beeler's allocution waiver, Judge Van Tatenhove adopted the recommendation and sentenced Beeler accordingly. [DE 191, 192, 193]. Beeler's second term of supervised release thus commenced on that date.

On March 4, 2020, after the USPO reported an additional violation of the condition that Beeler abstain from using alcohol, Judge Van Tatenhove issued an arrest warrant. [DE 194]. The Court conducted an initial appearance the following day. [DE 197]. After unavoidable COVID-related continuances, the undersigned conducted a final hearing on referral from Judge Van Tatenhove in May 2020. [DE 207]. Defendant again stipulated to the violations, and the Court

2

recommended that Judge Van Tatenhove find Beeler guilty of the same, revoke the supervised release term, and sentence him to additional incarceration and halfway home confinement, with further supervised release to follow. [DE 209]. Beeler again waived his right to allocution before the District Judge, and Judge Van Tatenhove ultimately adopted the recommendation and sentenced Beeler to 5 months' incarceration, 6 months' confinement in a halfway house, and 3 years of supervised release to follow. [DE 212, 215, 216]. Beeler began his third term of supervised release on August 3, 2020.

> The following conditions, among others, have pertained to this term:
>
> **Standard Condition #5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
>
> **Standard Condition #13:** You must follow the instructions of the probation officer related to the conditions of supervision.

[DE 216 at Page ID # 1104]. Additionally, as in prior supervised release terms, Judge Van Tatenhove ordered Beeler to abstain from alcohol use. [*Id.* at Page ID # 1105]. In June 2021, the USPO reported a violation of the no-alcohol condition but recommended that no action be taken and that Beeler be allowed to continue on supervision and in substance use disorder treatment. [DE 218]. Judge Van Tatenhove adopted the recommendation. Beeler thus continued with his third period of supervision.

Most recently, on December 29, 2021, the USPO submitted a report (hereinafter the "December 2021 Violation Report") alleging violations of the two Standard Conditions reflected above. Per the written report, on two occasions in December 2021, Beeler failed to report to the USPO as instructed after being advised to do so by an automated system. The report states that

Beeler had been given formal notice of the need to contact the automated system and to follow all instructions and, indeed, had actually contacted the system and been notified to appear before failing to do so. The supervising officer, Officer Jon R. Rapier ("Officer Rapier"), thus alleged that Beeler violated Standard Condition #13. The written report further alleged that Beeler had ceased residing at his approved residence with Larry Flynn without notifying the USPO, in violation of Standard Condition #5. Per the report, Officer Rapier contacted Flynn on December 10, 2021, and Flynn advised that Defendant had not been residing at the home since December 7 or 8. Ultimately, though Flynn later advised that Defendant returned to the home briefly on December 12, and Flynn directed Defendant to contact the USPO, Officer Rapier had not been able to make contact with Beeler as of the report date.

On the USPO's recommendation, Judge Van Tatenhove issued a warrant for Beeler's arrest on these alleged violations on January 19, 2022. [DE 219]. The United States Marshal Service subsequently arrested Beeler on January 27, 2022. [DE 223].

## II.     PROCEDURAL HISTORY

The Court conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure 32.1 on January 31, 2022. [DE 221]. The Court advised Beeler of his constitutional rights, including his right to a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(b)(1)(A). Beeler knowingly, voluntarily, and intelligently waived his right to a preliminary hearing; thus, the Court found probable cause that the allegations in the violation report were true. The United States also moved for interim detention, and Beeler did not seek release. The Court thus found that Beeler failed to carry his release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a) and ordered that he remain in custody pending the final hearing.

At the final hearing on February 9, 2022, the Court found Beeler to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations. For purposes of the Rule 32.1 proceedings, Beeler admitted the factual bases for the violations as described in the December 2021 Violation Report. Accordingly, the Court found that the United States established the reported violations pursuant to 18 U.S.C. § 3583(e). [DE 224].

Both of Beeler's violations are Grade C under the Guidelines. "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." United States Sentencing Guidelines ("USSG") § 7B1.1(b). The Court utilizes Grade C for Guidelines determination purposes in this case. Beeler's criminal history category, as established at the time of his original Judgment, is Category V. The parties do not dispute that the applicable Guidelines imprisonment range is thus 7 to 13 months. *See* USSG § 7B1.4(a). The statutory maximum imprisonment term upon any revocation is 24 months, and there is no maximum term of supervised release that could be reimposed given the original drug offense. 18 U.S.C. §§ 3583(e)(3), (h); 21 U.S.C. § 841(b)(1)(C).

At the final hearing, the parties jointly proposed a revocation sentence of 12 months and one day of incarceration,[1] with no supervised release to follow. The Court finds the proposal appropriately reflective of all applicable sentencing purposes and statutory factors in this context, as discussed below. The Court thus recommends that Judge Van Tatenhove revoke Beeler's current term of supervision and impose consequences consistent with the parties' proposal. The Court further recommends that the BOP permit Beeler to complete his revocation sentence in a residential reentry environment, as appropriate in the BOP's discretion.

---

[1] The added day permits eligibility for good time credit. *See* 18 U.S.C. § 3624.

### III.     ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Beeler's violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e). In recommending a specific revocation sentence, the Court carefully considers the statutory factors in § 3553(a) as incorporated in § 3583(e), as well as the applicable Guidelines range. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011).

The salient considerations are Beeler's history of supervised release violations and his related substance (primarily alcohol) use disorder, the need to provide effective correctional and other treatment in these circumstances, and the need to sanction Beeler's repeated breaches of the Court's trust. These factors collectively drive revocation, an upper-Guidelines custodial sentence, and a recommendation to the BOP that Beeler serve some part of that sentence in a residential reentry facility to offer him long-term sobriety guidance and transitional living resources. Further, the Court recommends that no term of supervised release be reimposed, as it would not advance the goals of supervision or economically use the USPO's limited resources.

Of central importance in recommending an appropriate sentence in this case is Beeler's protracted history of supervised release violations. In roughly four years on supervised release, Beeler has been before the Court for violation proceedings on five distinct occasions. Concerningly, all but the current violations have expressly involved alcohol use or other conditions restricting Beeler's use and possession of controlled substances (namely suboxone). These issues unfortunately dovetail with Beeler's original offense involving distribution of oxycodone pills. Further, given the history of substance use disorder and related violations, Beeler's current violation conduct—essentially absconding from supervision for more than a month—is

particularly worrisome.  Indeed, as defense counsel recognized during the final hearing and as the record confirms, Beeler typically is able to remain sober and be successful on supervised release for a short time after release from custody, before descending again into alcohol use and becoming noncompliant with conditions.

Moreover, prior consequences have been ineffective in prompting long-term behavioral modification.  Though the Court took no action in response to Beeler's October 2019 violation relating to his suboxone pill count, the USPO emphasized the importance of compliance with all conditions, particularly those targeting controlled substance use.  Then, in February 2020 and again in June 2021, Beeler's supervision was revoked following violations of the no-alcohol and related conditions of his release.  Judge Van Tatenhove sentenced Beeler to time both in prison and in a halfway house environment on each revocation.  Upon release, Beeler again violated the no-alcohol condition in June 2021, though the Court permitted Beeler to remain on supervision and in treatment at that time.

Finally, now, Beeler is again before the Court after failing to comply with critical conditions designed to ensure that the USPO can maintain adequate oversight—*i.e.*, conditions specifically intended to maintain stability in Beeler's life and safeguard his sobriety during the supervision period.  Beeler's failure to communicate with the USPO as required and keep them apprised of his whereabouts precludes supervised release from functioning as intended in his case and risks descent into spiraling substance use and criminality.  Accordingly, despite the technical nature of the instant Grade C violations in a vacuum, they are part of an undeniably problematic pattern that merits a substantial consequence, at this stage.  For these reasons, the nature and circumstances of Beeler's original offense, the prior violations, and the current violations, as well as Beeler's characteristics and history before the Court, all warrant revocation and a significant

custodial sentence. Such a consequence is also necessary to deter continued misconduct in a manner that prior revocation sentences (including a custodial term of 5 months and significant time in halfway house facilities) have not. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B); USSG § 7B1.3, Application Note 1 ("Revocation of probation or supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision.").

Further counseling a substantial sentence of imprisonment is the need to sanction Beeler's repeated violations of the Court's trust. Despite considerable investment in his long-term success, Beeler has recurrently impeded the USPO's and Court's supervision efforts by failing to follow the USPO's instructions. The instant violations, involving complete abscondment from supervision and vitiating all USPO oversight ability for more than a month, further signal need to impose a penalty for Beeler's continued breaches of trust. *See* USSG § 7, Pt. A. intro. comment 3(b) (observing that "revocation . . . should sanction primarily the defendant's breach of trust"). The Court must consider this policy rationale behind revocation as a part of its sentencing recommendation analysis. *See* 18 U.S.C. § 3553(a)(5) (requiring consideration of pertinent policy statements, including those relating to the Guidelines).

These considerations lead the Court to a custodial sentence toward the high-end of the applicable 7- to 13-month Guidelines range, as the parties have proposed. The Court ultimately finds a sentence of 12 months and one day—near, but not at, the top of the Guidelines in this case—sufficient but not greater than necessary to achieve the relevant sentencing purposes and to account for all applicable statutory factors. The Court finds that this within-Guidelines sentence is appropriate based on Beeler's record for the reasons stated and properly accounts for the §§ 3553(a)(4) and (a)(6) factors (requiring adequate consideration of the Guidelines and avoidance

of unwarranted sentencing disparities). The need to protect the public is not a driving force in this case, as Beeler has not displayed community danger, and there is no restitution issue. 18 U.S.C. §§ 3553(a)(2)(C), (a)(7).

Finally, the Court will recommend that Beeler spend the final portion of his sentence in a halfway house environment, though the matter is ultimately committed to the discretion of the BOP. The Court emphasizes Beeler's acute need for long-term substance use disorder treatment (particularly relating to alcohol) and the importance of sustained exposure to transitional and sober living resources. As it has in the past, at least for short periods, the Court finds that serving some part of his sentence in such a residential reentry environment would assist Beeler in cementing the skills needed for enduring success. It would thus aid in furthering the revocation sentencing goals. *See* 18 U.S.C. § 3553(a)(2)(D) (aiming to provide correctional and other treatment in the most effective manner).

However, the Court will not recommend that Judge Van Tatenhove impose any further period of supervised release following Beeler's revocation sentence. The Court has exhausted the treatment tools it reasonably has available and finds that additional supervision would not further the intent of supervised release. Supervised release "should focus on the integration of the violator into the community," and the USPO has already expended all relevant resources to aid in Beeler's transition back into the community. USSG § 7, Pt. A. intro. comment 4. And, indeed, Beeler has shown on many occasions that he can effectively use these tools and resources and be successful for periods of time. Going forward, he simply must endeavor to continually strengthen and practice the skills he has developed during his time on supervision as he progresses through long-term recovery. Further interaction with the supervision system, however, would not here be effective either in supporting Beeler personally or in advancing the overarching supervision goals.

*See also United States v. Helvey*, No. 08-CR-109-GFVT, 2014 WL 1364766, at *7 (E.D. Ky. Apr. 7, 2014) (finding further supervision unwarranted where "[t]he record reflect[ed] a great deal of leniency towards Defendant and effort by the USPO to rehabilitate him, which investments have not been fruitful").

## IV. CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

(1) Beeler be found guilty of all violations;

(2) Beeler's current term of supervised release be **REVOKED**;

(3) Beeler be sentenced to an incarceration term of **TWELVE (12) MONTHS AND ONE (1) DAY**, with a recommendation to the BOP that Beeler serve the final portion of that sentence in a residential reentry facility / halfway house environment; and

(4) Beeler not be subject to any further supervised release to follow.

Beeler preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 16th day of February, 2022.

