UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 3:13-cr-00026-GFVT-MAS-4 |
| v. | ) ) | |
| WILLIAM RISQUE BEELER, | ) ) | **MEMORANDUM OPINION** **&** |
| Defendant. | ) ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 225.] For the reasons that follow, Judge Stinnett's Report and Recommendation will be ADOPTED in its entirety.

**I**

Defendant William Risque Beeler has been charged with violating the conditions of his supervised release. [R. 223.] On July 29, 2014, this Court sentenced Mr. Beeler to sixty months in prison to be followed by five years of supervised released after Mr. Cassidy pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846. [R. 106.] Mr. Beeler's sentence was subsequently reduced from sixty months to forty-nine months. [R. 170.] Mr. Cassidy was released from custody and began his term of supervision on October 17, 2017.

As thoroughly outlined by Judge Stinnett, Mr. Beeler has a lengthy history of supervised release violations, with his first occurring on October 16, 2019, because of "a discrepancy with [Mr.] Beeler's suboxone prescription after a pill count." [R. 225 at 2.] No action was taken at

that time. Mr. Beeler's term of supervised released was revoked on February 24, 2020, and then again in June 2020. [R. 192; R. 215.] The first revocation occurred because of alcohol use, failing to follow the USPO's instructions, and failing to notify the USPO upon a change in controlled substance prescription status, and the second revocation occurred because of alcohol use. [R. 225.] In June 2021, Mr. Beeler again violated the no-alcohol condition, but he was permitted to continue his term of supervision and in substance use disorder treatment. [*Id.* at 3 (citing R. 218).]

The USPO issued the Supervised Release Violation Report on December 29, 2021, that initiated these proceedings. *Id.* This is Mr. Beeler's fifth supervised release violation and will be his third revocation. The Report contains two alleged violation allegations: Violation #1 alleges that on two separate occasions in December 2021, Mr. Beeler failed to report to the USPO after being instructed to do so by an automated system in violation of Standard Condition #13 (a Grade C violation); and Violation #2 alleges that Mr. Beeler ceased residing at his approved residence without notifying the USPO, in violation of Standard Condition #5 (a Grade C violation). *Id.* at 3–4.

On January 31, 2022, Judge Stinnett conducted an initial appearance with Mr. Beeler pursuant to Rule 32.1. [R. 221.] At the hearing, Mr. Beeler knowingly, voluntarily, and intelligently waived his right to a preliminary hearing, and Judge Stinnett found probable cause that the alleged violations contained in the violation report were true. *Id.* The Government moved for interim detention, and Mr. Beeler did not seek release. *Id.* Judge Stinnett found, pursuant to Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), that detention was required in this case. *Id.*

On February 9, Judge Stinnett conducted the final hearing. [R. 224.] At the hearing, Mr. Beeler entered a knowing, voluntary, and intelligent stipulation to the violations contained in the

2

Report. *Id.* Judge Stinnett found Mr. Beeler to be competent to stipulate to the violations. *Id.* Judge Stinnett further found that Mr. Beeler's stipulation permitted him to find that Mr. Beeler engaged in conduct that is a Grade C violation under the Guidelines. *Id.* (citing 18 U.S.C. § 3583(e)). At the hearing, the parties jointly requested a revocation sentence of twelve months and one day of incarceration, to be followed by no supervised release. [R. 225 at 5.]

## II

After the hearing, Judge Stinnett carefully reviewed the entire record, including the Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Stinnett also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was a conspiracy to distribute oxycodone. [R. 106.] Eighteen U.S.C. § 3583(e)(3) instructs that Mr. Beeler's conviction carries a twenty-four maximum period of incarceration following a revocation. Furthermore, there is no maximum term of supervised release that may be re-imposed pursuant to 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C).

Judge Stinnett analyzed the Policy Statements in Chapter 7 and determined, given Mr. Beeler's criminal history category of V (at the time of his original conviction) and admitted Grade C violation,[1] that Mr. Beeler's range of revocation is seven to thirteen months. [R. 225 at 5.] A court is permitted to reimpose supervised release, following revocation, for a maximum period that subtracts any term of incarceration imposed because of a violation. *See* 18 U.S.C. § 3583(b) & (h). Here, Mr. Beeler's original conviction does not carry a maximum term of

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

3

supervised release.  *Id.* at 5 (citing 21 U.S.C. § 841(b)(1)(C)).

In determining the appropriate revocation term of imprisonment, Judge Stinnett considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines Range.  *Id.* at 6–10.  Judge Stinnett noted that "[i]n roughly four years on supervised release, [Mr.] Beeler has been before the Court for violation proceedings on five distinct occasions."  *Id.* at 6.  And all but this most recent violation involved alcohol use or the possession of controlled substances, which "dovetail[s] with [Mr.] Beeler's original offense involving distribution of oxycodone pills."  *Id.*  Judge Stinnett noted that the behavior exhibited in Mr. Beeler's latest violation, "essentially absconding from supervision for more than a month," is "particularly worrisome."  *Id.* at 6–7.

Furthermore, Judge Stinnett observed that prior consequences have not been effective in prompting long-term behavior modification for Mr. Beeler.  *Id.* at 7.  This is evidenced by Mr. Beeler's pattern of short-term success on supervision before "descending against into alcohol use and becoming noncompliant with conditions."  *Id.*  Judge Stinnett found that "the nature and circumstances of Beeler's original offense, the prior violations, and the current violations, as well as [Mr.] Beeler's characteristics and history before the Court," all counseled toward a sentence toward the upper end of the Guidelines range, as requested both by Mr. Beeler and the Government.  *Id.* at 7–8.  Judge Stinnett also noted that a substantial sentence was needed to sanction Mr. Beeler for his repeated violations of the Court's trust.  *Id.* at 8.  However, Judge Stinnett noted that the need to protect the public was not a substantial factor because Mr. Beeler had not displayed danger to the community and restitution was not an issue in this case.  *Id.* at 9.

Given Mr. Beeler's "acute need for long-term substance use disorder treatment…and the importance of sustained exposure to transitional and sober living resources," Judge Stinnett

4

recommended that Mr. Beeler spend a portion of his sentence in a halfway house. *Id.* However, Judge Stinnett recommended against imposing additional supervised release following Mr. Beeler's revocation sentence because the Court "has exhausted the treatment tools it reasonably has available" and "additional supervision would not further the intent of supervised release." *Id.* at 9.

Ultimately, Judge Stinnett makes the following recommendations: (1) Mr. Beeler be found guilty of all violations contained in the Report; (2) Mr. Beeler's term of supervision be revoked; (3) Mr. Beeler serve a twelve-month and one day term of imprisonment, with a recommendation to the BOP that Mr. Beeler serve the final portion of that sentence in a residential reentry facility or halfway house environment; and (4) Mr. Beeler not be subject to any further supervised release. *Id.* at 10.

Judge Stinnett's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.*; *see* 28 U.S.C. § 636(b)(1). The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe. *Id.*; *see Thomas v. Arn*, 474 U.S. 140 (1985). Mr. Beeler has not filed any objections to Judge Stinnett's Report and Recommendation and has provided a Waiver of Allocution. [R. 226.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.

*United States v. Walters*, 638 F.2d 947, at 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant William Bisque Beeler **[R. 225]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Beeler is found **GUILTY** of the violations contained in the Report;

3. Mr. Beeler shall serve a term of imprisonment of twelve months and one day, with a recommendation to the BOP that Mr. Beeler serve the latter half of his sentence in a residential reentry facility or halfway house; and

4. Following Mr. Beeler's release, he will not be subject to supervised release.

This the 12th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge